IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

CHRISTINA JACKS,

      **Plaintiff,**

vs.                                                    No. CIV 99-1391 LCS

REGIS CORPORATION, d/b/a
REGIS HAIR STYLISTS,
JACK BORREGO and
STEVEN ARCHULETA,

      **Defendants.**

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** came before the Court on Defendant Archuleta's Motion Requesting the Court to Determine Whether a Conflict of Interest Exists Requiring a Disqualification of Plaintiff's Counsel (Doc. 139), filed September 5, 2000. The United States Magistrate Judge, presiding with consent and designation pursuant 28 U.S.C. § 636(c), has considered the pleadings, motion, memoranda, arguments of counsel, relevant law, and being otherwise fully advised, finds that this Motion is well-taken and should be **GRANTED**.

### Background

Joseph David Camacho, Esq. represents Plaintiff in this action. On October 28, 1999, Mr. Camacho filed this lawsuit on behalf of Plaintiff in state court against Defendant Regis Corporation (Regis), contending that she was subjected to sexual and racial harassment and racial discrimination during the course of her employment as a hairstylist at the Regis Salon in Santa Fe, New Mexico. Steve Archuleta was Plaintiff's manager and supervisor during her employment at Regis. Regis removed this case to federal court on December 1, 1999.

On January 12, 2000, Mr. Archuleta retained Mr. Camacho to represent him "in all causes of action against all persons or entities arising from Regis Salon." (Def. Ex. A.) Mr. Archuleta had filed a charge of discrimination against Regis with the New Mexico Human Rights Commission, claiming that he had been demoted in retaliation for objecting to the district manager's handling of Plaintiff's claims that form the basis of this lawsuit. In January 2000, Mr. Camacho met with Mr. Archuleta to discuss the case and also corresponded with Mr. Archuleta. Mr. Camacho subsequently terminated his representation of Mr. Archuleta.

On March 6, 2000, Plaintiff filed a First Amended Complaint, adding Steve Archuleta and Jack Borrego as defendants, and asserting racial discrimination and retaliation in violation of Title VII and racial discrimination in violation of the New Mexico Human Rights Act against all three Defendants. Specifically with respect to Defendant Archuleta, Plaintiff alleges that he mocked her Native American dialect, made fun of her and her race, made racial comments to and about her and did not prevent others from racially harassing her. (Comp. ¶¶ 22, 23, 29, 30 and 31.)

**Analysis**

In his Motion, Defendant Archuleta contends that Mr. Camacho should be disqualified due to a conflict of interest arising from the prior representation. This Court has adopted the New Mexico Rules of Professional Conduct of the Supreme Court of the State of New Mexico. *See* D.N.M.LR-C<small>IV</small>. 83.9. The New Mexico Rules of Professional Conduct are based upon that ABA Model Rules of Professional Conduct, which the Tenth Circuit has found "reflect the national standard to be used on ruling on disqualification motions." *See Cole v. Ruidoso Mun. Sch.*, 43 F. 3d 1373, 1384 (10th Cir.1994). The Tenth Circuit has held that to warrant a disqualification based on the conflict of interest arising from prior representation, a party must show three things: (1) an actual

2

attorney-client relationship existed between the moving party and the opposing counsel; (2) the two matters are substantially related; and (3) the present client's interests are materially adverse to the moving party. *See Cole*, 43 F. 3d at 1384. In this case, all three *Cole* factors have been satisfied.

On January 12, 2000, Mr. Camacho and Mr. Archuleta executed a representation agreement in which Mr. Camacho agreed to represent Mr. Archuleta in his claim against Regis. (Def. Ex. A.) On the same day, Mr. Camacho and Mr. Archuleta discussed matters pertinent to Plaintiff's case and Mr. Camacho gave legal advice to Mr. Archuleta. (Pl. Ex. 4.) On January 17, 2000, Mr. Camacho sent a letter to Mr. Archuleta reviewing their discussion and dispensing additional legal advice. (Def. Reply Ex. D.) Moreover, Mr. Archuleta delivered to Mr. Camacho the letter from the New Mexico Human Rights Division that found no probable cause in his claim against Regis. This letter recounted Regis' position that Mr. Archuleta was demoted due to his disparaging remarks about Plaintiff. These alleged remarks of Mr. Archuleta form part of the basis of the instant action.

In his response brief, Mr. Camacho does not dispute that he represented Mr. Archuleta, but contends that the representation was brief and that he terminated the attorney-client relationship as soon as he learned of the conflict of interest. (Pl. Resp, at 3-4; 12.) These arguments do not negate the existence of the relationship, nor do they cure the conflict. *See In the Matter of Arrieta*, 105 N.M. 418, 419, 733 P.2d 866, 867 (1987) (attorney who was discharged by client and subsequently represented adverse party in case involving the same subject matter violated Code of Professional Responsibility). Clearly, an actual attorney-client relationship existed between Mr. Camacho and Mr. Archuleta within the meaning of *Cole*.

The next question is whether the two representations were substantially related. A substantial relationship exists "if the factual contexts of the two representations are similar or related." *Cole*, 43

F. 3d at 1384 (*quoting Smith v. Whatcott*, 757 F. 2d 1098, 1100 (10th Cir. 1985)). The retainer agreement provided that Mr. Camacho would represent Mr. Archuleta "in all causes of action against all persons or entities arising from Regis Salon." (Def. Ex. A.) Mr. Camacho's notes of the January 12, 2000 meeting, which I have reviewed *in camera*, demonstrate that Mr. Archuleta's claims against Regis were intertwined with those of Plaintiff. (Pl. Ex. 4.) Indeed, Mr. Camacho states in his Response Brief that the two matters "appear to be substantially related." (Resp Br. at 12.) "The underlying question is whether the lawyer was so involved in the matter that the subsequent representation can be justly regarded as changing of sides in the matter in question." *Cole*, 43 F. 3d at 1384. Mr. Camacho is now suing the same man that he agreed to represent in the same matter. Under these circumstances, he can be justly regarded as having switched sides. Mr. Camacho's contention that he did not learn any confidential information during his representation of Mr. Archuleta is unavailing under these circumstances. The two matters are substantially related within the meaning of *Cole*.

The final inquiry under *Cole* is whether the present client's interests are materially adverse to the moving party. Plaintiff has sued Defendant Archuleta as an individual in the instant action, alleging that she is entitled to damages for Mr. Archuleta's conduct.[1] There is no question that the interests of Mr. Camacho's present client, Plaintiff, are materially adverse to those of his former client, Defendant Archuleta. There is also a very real possibility that Mr. Camacho may become a witness in this case due to the information gleaned during his January 12, 2000 meeting with Defendant Archuleta. A lawyer may not act as advocate at a trial in which the lawyer is likely to be

---

[1] The issue of whether Mr. Archuleta is a proper Defendant in this cause has not been raised.

a necessary witness. *See* New Mexico Rule of Professional Conduct 16-307. Mr. Camacho may not act as Plaintiff's advocate because it is likely that he will become a necessary witness at trial. Under these circumstances, Mr. Camacho is disqualified from representing Plaintiff in the instant action.

**WHEREFORE,**

**IT IS HEREBY ORDERED** that Defendant Archuleta's Motion Requesting the Court to Determine Whether a Conflict of Interest Exists Requiring a Disqualification of Plaintiff's Counsel (Doc. 139), filed September 5, 2000, is **GRANTED**.

**IT IS FURTHER ORDERED** that Mr. Camacho shall file a notice containing Plaintiff's current mailing address and telephone number for the record no later than November 6, 2000.

**IT IS FURTHER ORDERED** that Plaintiff shall retain substitute counsel no later than December 22, 2000.

**IT IS FURTHER ORDERED** that all remaining dispositive motions shall be fully briefed and ready for decision no later than January 16, 2001.

**IT IS FURTHER ORDERED** that any unexpired deadlines are vacated.

**IT IS FURTHER ORDERED** that the jury trial setting of February 5, 2001 is **VACATED**.

**IT IS FURTHER ORDERED** that this matter shall come on for a **TELEPHONIC STATUS CONFERENCE ON WEDNESDAY, JANUARY 3, 2001 AT 11:00 A.M**. Counsel for Mr. Archuleta shall coordinate and initiate the conference call.

_____
**LESLIE C. SMITH**
**UNITED STATES MAGISTRATE JUDGE**