## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

CHRISTINA JACKS,

      Plaintiff,

vs.                                                            No. CIV 99-1391 LCS

REGIS CORPORATION, d/b/a
REGIS HAIR STYLISTS,
JACK BORREGO and
STEVEN ARCHULETA,

      Defendants.

### MEMORANDUM OPINION

**THIS MATTER** is before the Court on Defendants Regis and Borrego's Motion for Summary Judgment on Count II of Plaintiff's First Amended Complaint (Doc. 103), filed August 24, 2000. Plaintiff's former counsel was disqualified on October 27, 2000. Plaintiff's current counsel entered their appearance on January 12, 2001. Consideration of this Motion was held in abeyance until Plaintiff's current counsel had the opportunity to file supplemental briefs. On February 2, 2001, Plaintiff's counsel notified the Court and Defendants that supplemental briefing would not be necessary and the Motion was ready for ruling. The Court, acting upon consent and designation pursuant 28 U.S.C. § 636, having considered the submissions of counsel, applicable law, and being otherwise fully advised, finds that this Motion is well-taken and should be **GRANTED**.

I.      **Background**

On October 28, 1999, Plaintiff filed suit in state court against Defendant Regis Corporation (Regis), appealing a determination of the New Mexico Human Rights Commission, and contending that she was subjected to sexual and racial harassment and racial discrimination during the course of

her employment as a hairstylist at the Regis Salon in Santa Fe, New Mexico.  Regis removed this case to federal court on December 1, 1999.

On March 6, 2000, Plaintiff filed a First Amended Complaint, adding Steve Archuleta and Jack Borrego as defendants, and asserting racial discrimination and retaliation in violation of Title VII and racial discrimination in violation of the New Mexico Human Rights Act against all three Defendants.  Plaintiff specifically asserts that Archuleta and other Regis employees made disparaging racial remarks about her, mocked her Native American dialect, made her the object of a sexual conquest, made her the subject of a pejorative note, subjected her to mock "rain dances," and assaulted her due to her status as a Native American. (Amended Comp. ¶¶ 13-29.)  Plaintiff alleges that she reported the harassment to Archuleta and Borrego, but they refused to intercede.  (Amended Comp. ¶¶ 30-32.)  Plaintiff states that Borrego told her that she would be terminated immediately if she made any further complaints.  (*Id*.)  At that point, Plaintiff alleges that her working conditions were so intolerable that she was constructively discharged.  (Amended Comp. ¶ 33.)

In Count I, Plaintiff alleges racial discrimination in violation of Title VII. (Amended Comp. ¶¶ 35-44.) In Count II, Plaintiff alleges retaliation and constructive discharge in violation of Title VII. (Amended Comp. ¶¶ 45-48.)  In Count III, Plaintiff alleges racial discrimination in violation of the New Mexico Human Rights Act. (Amended Comp. ¶¶ 49-58.)  Defendants argue that they are entitled to summary judgment on Count II because Plaintiff failed to exhaust administrative remedies with respect to this claim.

## II.    Standard of Review.

A motion for summary judgment may be granted only when "there is no genuine issue as to any material fact and . . . the moving party is entitled to judgment as a matter of law."  FED. R. CIV.

P. 56(c).  Summary judgment is proper when the pleadings, depositions, answers to interrogatories and admissions on file, as well as any affidavits "show that there is no genuine issue as to any material fact."  *Id.*  When applying this standard, the Court examines the record and reasonable inferences in the light most favorable to the non-moving party.  *See Ingram v. Muskogee Regional Medical Center*, 235 F.3d 550, 1326 (10th Cir. 2000); *Simms v. Oklahoma ex rel. Dep't of Mental Health & Substance Abuse Servs.*, 165 F.3d 1321, 1326 (10th Cir. 1999).

The movant bears the initial burden of establishing that no genuine issue exists as to any material fact.  *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970).  "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'"  *Matsushita Electric Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587 (1986) (*quoting First National Bank of Arizona v. Cities Service Co.,* 391 U.S. 253, 289 (1968)).  The movant's initial burden may be discharged by showing there is an absence of evidence to support the non-moving party's case.  *See Celotex v. Catrett*, 477 U.S. 317, 323 (1986).  When the moving party does not bear the ultimate burden of persuasion at trial, it may satisfy its burden at the summary judgment stage by identifying "a lack of evidence for the nonmovant on an essential element of the nonmovant's claim." *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 644, 671 (10th Cir.1998).  Once the movant meets its burden, the burden shifts to the non-moving party to demonstrate a genuine issue for trial on a material matter.  *See McGarry v. Pitkin Co.*, 175 F.3d 1193, 1201 (10th Cir. 1999).

If the moving party satisfies its initial burden, the party opposing the motion for summary judgment may not rest upon mere allegations or denials in the pleadings, but must set forth specific facts showing there is a genuine issue for trial as to a dispositive matter for which it carries the burden of proof.  *See Simms,*165 F.3d at 1326.  It is not sufficient "to simply show that there is some

3

metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co v. Zenith Radio Corp.*, 475 U.S. at 586. An issue of material fact is genuine if a reasonable jury could return a verdict for the party opposing the motion. *See Bullington v. United Air Lines*, Inc., 186 F.3d 1301, 1313 (10th Cir.1999). The substantive law at issue determines which facts are material in a given case. *See Anderson v. Liberty Lobby, Inc.* 477 U.S. 242, 248 (1986). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Id.*

## III.    Analysis

In Count II, Plaintiff alleges retaliation in violation of Title VII. This Act prohibits retaliation against employees for asserting their rights under Title VII, providing that "[i]t shall be an unlawful employment practice for an employer to discriminate against any of his employees ... because he has opposed any practice made an unlawful employment practice by this subchapter, or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter." 42 U.S.C. § 2000e-3(a).

Defendant argues that Plaintiff's claim of retaliation and constructive discharge, as alleged in Count II, are barred by her failure to exhaust administrative remedies. Exhaustion of administrative remedies is a prerequisite to bringing suit under Title VII. *See Seymore v. Shawver & Sons, Inc.*, 111 F.3d 794, 799 (10th Cir. 1997); *Jones v. Runyon*, 91 F.3d 1398, 1399 (10th Cir. 1996). To exhaust administrative remedies, a plaintiff must timely file a charge of discrimination with the EEOC or the appropriate state agency. *See* 42 U. S. C. § 2000e-5 (e) and (f)(1). The charge must be in writing, signed, verified and must contain a clear and concise statement of the facts. *See* 29 C. F. R. §§ 1601.9; 1601.12 (3). The purposes of the exhaustion requirement are to provide notice of the alleged

4

violation to the charged party, and to provide the agency with the opportunity to conciliate the claim. *See Seymore v. Shawver & Sons, Inc.*, 111 F.3d at 799.

In determining whether a Title VII claim has been exhausted, the Court must decide if the complaint "encompass[es] any discrimination like or reasonably related to the allegations of the EEOC charge . . . ." *Jones v. Runyon*, 91 F.3d 1398, 1400 (10th Cir. 1996) (*quoting Ingels v. Thiokol Corp.* 42 F.3d 616, 625 (10th Cir. 1994) (quotations omitted)). In making the exhaustion determination, the Court must liberally construe the administrative charge of discrimination. *See Gonzalez-Aller Balseyro v. GTE Lenkurt, Inc.*, 702 F.2d 857, 859 (10th Cir.1983); *Harrell v. Spangler, Inc.*, 957 F.Supp. 1215, 1219 (D. Kan.1997).

In her charge of discrimination filed with the New Mexico Department of Labor, Plaintiff stated "I am being force [sic] to work in a hostile working environment. I was denied a promotion at work. I am being denied a pay increase." (Def. Ex. A at 1.) In her affidavit, Plaintiff stated that "I have reported this to my supervisor Steve Archuleta and was told it was out of his hands and feared retaliation for his job." (Def. Ex. A at 2.) Plaintiff further stated that when she complained about the way a co-worker was treating her, Archuleta (her supervisor) and Borrego (the regional manager) held a meeting with Plaintiff and the co-worker. (*Id.*) Archuleta told the co-worker that she needed to act in a professional manner and try to get along with Plaintiff. (*Id.*) Plaintiff also states that, after Borrego talked to the co-worker privately outside the salon, Borrego accused Plaintiff of not telling the truth and told her he "did not want to hear it anymore." (*Id.*) On her charge of discrimination, Plaintiff checked the box for racial discrimination, but did not check the box for retaliation. (Def. Ex. A. at 1.)

Plaintiff did not raise her retaliation claim in her charge of discrimination. Even a liberal

5

reading of the charge and the affidavit fails to produce anything "like or reasonably related to"
Plaintiff's claim for retaliation.   Plaintiff's last day at work was March 28, 1999. (Pl.'s Undisputed
Fact  C.)  The charge of discrimination was filed on April 14, 1999. (Def. Ex. A. at 1.)  Where a
retaliatory act occurs prior to the filing of a charge, and the employee fails to allege retaliation in the
subsequent charge, the retaliation ordinarily is not reasonably related to the charge. *Simms,* 165 F.3d
at 1327; *Seymore*, 111 F.3d at 800.  Because the charge of discrimination was filed after Plaintiff's
employment ended, Defendants and the agency were entitled to presume that she was only asserting
claims for racial discrimination.

Plaintiff asserts that the continuing course of conduct exception applies.  Where there is a
continuing course of discriminatory conduct, Title VII's 300-day limitation period runs from the date
of the last act of discrimination. *See Martin v. Nannie and the Newborns, Inc.*, 3 F.3d 1410, 1416
(10th Cir. 1993).  The continuing course of conduct analysis applies where a plaintiff has filed a
charge of discrimination more than 300 days after an alleged instance of discrimination.  *Id.*  In this
case, however, Plaintiff failed to establish that she filed an administrative charge or affidavit
containing her claim for retaliation at any time.   Therefore, the continuing course of conduct
exception is inapplicable.  *See Martin v. Nannie and the Newborns, Inc.*, 3 F.3d 1416.

In addition, the charge and Plaintiff's affidavit did not provide Defendants or the agency with
notice of a retaliation claim. One of the main purposes of the exhaustion requirement is to provide
notice of the nature of the alleged violation to the charged party.  *See Ingels v. Thiokol Corp.*, 42
F.3d 616, 625 (10th Cir.1994).  Dismissal is appropriate when a charged party does not receive notice
of a claim during the pendency of the administrative proceedings.  *See Jones v. Denver Post Corp.*,
203 F.3d 748, 755 (10th Cir. 2000).  As it is undisputed that Defendant did not receive notice of the

retaliation claim until the filing of the First Amended Complaint, Plaintiff failed to exhaust her retaliation and constructive discharge claims.

Finally, even if Plaintiff had exhausted her retaliation claim, she failed to timely seek judicial review of such claim. A civil action under Title VII must be filed within 90 days after the right to sue letter. *See* 42 U.S.C. § 2000e-5(f)(1). Failure to timely file the civil action bars the claim. *Melendez v. Singer-Friden Corp.*, 529 F.2d 521, 523-24 (10th Cir.1976). Plaintiff received her right to sue letter on October 21, 1999 (First Amended Compl. ¶ 3.), and filed her original Complaint in state court on October 28, 1999. The original Complaint contained no claim for retaliation. (*Id.*) The First Amended Complaint, containing the retaliation claim, was filed on March 6, 2001, more than 90 days after the right to sue letter was issued. Therefore, Plaintiff's retaliation claim is untimely, as well as unexhausted. Accordingly, Defendants are entitled to summary judgment on Count II on Plaintiff's First Amended Complaint.

**WHEREFORE,**

**IT IS HEREBY ORDERED** that Defendants Regis and Borrego's Motion for Summary Judgment on Count II of Plaintiff's First Amended Complaint (Doc. 103), filed August 24, 2000, is **GRANTED**.

**A SUMMARY JUDGMENT IN ACCORDANCE WITH THIS MEMORANDUM OPINION SHALL ISSUE.**

**LESLIE C. SMITH**
**UNITED STATES MAGISTRATE JUDGE**

7