IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**CHRISTINA JACKS,**

    **Plaintiff,**

vs.                                           **No. CIV 99-1391 LCS**

**REGIS CORPORATION, d/b/a**
**REGIS HAIR STYLISTS,**
**JACK BORREGO and**
**STEVEN ARCHULETA,**

    **Defendants.**

**MEMORANDUM OPINION AND ORDER**

    **THIS MATTER** is before the Court on Defendant's Motion to Strike Jury Demand, (Doc. 101), filed August 26, 2001. The Court, acting upon consent and designation pursuant 28 U.S.C. §636, having considered the submissions of counsel, applicable law, and being otherwise fully advised, finds that this Motion is not well-taken should be **DENIED**.

    On October 28, 1999, Plaintiff filed suit in state court against Defendant Regis Corporation (Regis), appealing a determination of the New Mexico Human Rights Commission, and contending that she was subjected to sexual and racial harassment and racial discrimination during the course of her employment as a hairstylist at the Regis Salon in Santa Fe, New Mexico. The original Complaint did not include a jury demand. Regis removed this case to federal court on December 1, 1999 based on diversity jurisdiction. Regis filed its Answer on December 3, 2000.

    On March 1, 2000, Plaintiff filed a Motion to Amend Complaint, which was granted on March

13, 2000. On March 14, 2000, Plaintiff filed a First Amended Complaint, adding Steve Archuleta and Jack Borrego as defendants, and asserting racial discrimination and retaliation in violation of Title VII and racial discrimination in violation of the New Mexico Human Rights Act against all three Defendants. The Amended Complaint included a jury demand.

Defendants move to strike the jury demand, arguing that it is untimely. Rule 38(b) requires that a demand for jury trial of any issue be served within ten days after service of the "last pleading directing such issue." FED. R. CIV. P. 38(b). A party's failure to serve and file a jury demand as required by the rules constitutes that party's waiver of trial by jury. FED. R. CIV. P. 38(d). In removed cases, such as Plaintiff's, Rule 81(c) allows parties ten days from the date of removal to file a jury demand if all necessary pleadings have been served at the time of removal. FED. R. CIV. P. 81(c). Rule 81(c) also provides that a party who has made an express demand in state court need not make a demand after removal. *Id.* In this case, Rule 81 is inapplicable because the Answer had not been served at the time of removal and Plaintiff failed to demand a jury in state court. FED. R. CIV. P. 81(c).

Plaintiff's original Complaint did not include a jury demand and Plaintiff did not file a jury demand within ten days after the Answer was served. Plaintiff did, however, demand a jury in her Amended Complaint. Defendant contends that the jury demand should be stricken as untimely. In her Response, Plaintiff argues that the Amended Complaint revived her right to demand a jury because she specified that her discrimination claims were brought under Title VII and added two new defendants. Defendant replies that the demand was untimely and the Amended Complaint did not revive Plaintiff's right to demand a jury.

The Tenth Circuit has held that "[t]o establish a right to a trial by jury, the amended complaint

2

must do more than merely raise new theories of recovery based on the same facts as those issues raised in the original complaint." *Nissan Motor Corp. v. Burciaga*, 982 F.2d 408, 409 (10th Cir. 1992). Amended pleadings do not revive a right to a jury on issues already framed in the original pleadings. *In re Kaiser Steel Corp.*, 911 F.2d 380, 388 (10th Cir. 1990).

Comparison of the original Complaint with the Amended Complaint establishes that the Amended Complaint contains additional facts and legal theories, but that both are based on the same scenario. The original Complaint asserted sexual harassment and national origin discrimination arising out of Plaintiff's employment at Regis. The Amended Complaint asserts national origin discrimination, retaliation and constructive discharge in violation of Title VII and national origin discrimination in violation of the New Mexico Human Rights Act arising out of Plaintiff's employment at Regis. The additional facts merely flesh out the allegations in the original Complaint and do not offer a basis for any new theory of recovery. The new causes of action were based on the same conduct that was the subject of the original Complaint. Moreover, Defendant has been granted summary judgment on Plaintiff's retaliation claims and the claims against Defendants Borrego and Archuleta have been dismissed (Docs. 204, 207, 211.) Under these circumstances, the Amended Complaint did not revive Plaintiff's right to demand a jury trial. Because Plaintiff jury demand was filed more than three months late, she waived her right to a trial by jury. FED. R. CIV. P. 38(d).

Plaintiff's right to a jury trial does not turn solely on Rule 38. Under Rule 39(b), the Court has authority, upon motion, to grant a jury trial even where the demand is untimely, or where there is no demand at all. FED. R. CIV. P. 39(b). Rule 39(b) provides that "notwithstanding the failure of a party to demand a jury in an action in which such a demand might have been made of right, the court in its discretion upon motion may order a trial by a jury of any or all issues." *Id*. In her

3

Response, Plaintiff requests that I exercise my discretion and grant her a jury trial.

The court's discretion under Rule 39(b) is broad. *See Paramount Pictures Corp. v. Thompson Theatres, Inc.*, 621 F.2d 1088, 1090 (10th Cir. 1980). A formal motion need not be filed in order to invoke the Court's discretion under Rule 39. *FDIC v. Palermo*, 815 F.2d 1329, 1333-34 (10th Cir. 1987). Plaintiff's raising of the issue in response to Defendant's Motion to Strike Jury Demand is sufficient to invoke my discretion.

The Tenth Circuit has stated that "absent strong and compelling reasons to the contrary, a district court should exercise its discretion under Rule 39(b) and grant a jury trial." *Nissan*, 982 F.2d at 409 (*citing AMF Tuboscope, Inc. v. Cunningham*, 352 F.2d 150, 155 (10th Cir. 1965)). However, the Tenth Circuit held in *Nissan* that it was not an abuse of discretion to deny relief pursuant to Rule 39(b) when the failure to make a timely jury demand results from nothing more than mere inadvertence. *Nissan*, 982 F.2d at 409.

In this case, Plaintiff argues that her untimely jury demand should be permitted because greater leniency should be afforded in diversity actions, the removal was instigated by Defendants based on Plaintiff's uninformed speculation as to the jurisdictional amount, and she has a strong civil rights [claim]. Not only has Plaintiff failed to offer an excuse for the late filing, but she has also failed to advance any compelling reason why I should exercise my discretion under Rule 39(b) to grant her request for a jury. Nonetheless, Defendants have failed to offer any compelling reason why I should not exercise my discretion and grant Plaintiff's untimely request for a jury. Mindful of the Tenth Circuit's holding in *Nissan* and reluctant to abridge any right under the Seventh Amendment, I shall exercise my discretion and grant Plaintiff's untimely request for a jury trial under Rule 39(b). Defendant's Motion to Strike Jury demand should be denied.

**WHEREFORE,**

  **IT IS ORDERED** that Defendant's Motion to Strike Jury Demand, (Doc. 101), filed August 26, 2001, is **DENIED.**

               _____
               **LESLIE C. SMITH**
               **UNITED STATES MAGISTRATE JUDGE**