IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**CHRISTINA JACKS,**

       **Plaintiff,**

**vs.**                                          **No. CIV 99-1391 LCS**

**REGIS CORPORATION, d/b/a**
**REGIS HAIR STYLISTS,**
**JACK BORREGO and**
**STEVEN ARCHULETA,**

       **Defendants.**

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court on Defendant's Motion for Summary Judgment on the Issue of Whether Plaintiff May Recover Damages Arising From Her Wrist Injury (Doc. 201), filed January 31, 2001. The Court, acting upon consent and designation pursuant 28 U.S.C. § 636, having considered the submissions of counsel, applicable law, and being otherwise fully advised, finds that this Motion is well-taken in part and should be **GRANTED without prejudice to Plaintiff's ability to offer evidence at trial and Defendant's ability to object to such evidence**.

In Paragraph 28 of her First Amended Complaint, Plaintiff alleges that she was assaulted because she is Native-American in violation of Title VII. This allegation is based on an alleged incident where a male co-worker, Drew Madvin, grabbed Plaintiff's arm on March 28, 1999, while they were both at work. (Def's Undisputed Facts 1-5; Def.'s Ex. A at 40.) Defendant argues that it is entitled to summary judgment on the issue of whether Plaintiff may recover damages for the injury to her wrist allegedly caused by alleged physical assault in this Title VII action.

Plaintiff responds that the March 28, 1999 incident is not the sole basis for her discrimination

claim. While Plaintiff concurs that the alleged assault itself was not an act of discrimination by Regis, she contends that the fact that it occurred and the way it was addressed could be relevant to her hostile work environment claim. (Pl's Resp. at 2-3.) Plaintiff further states that she "will not be seeking damages based on any theory that Mr. Madvin's physical assault was race-based discrimination by the Employer." (Pl's Resp. at 3.)

Based on Plaintiff's position, Defendant's Motion for Summary Judgment should be granted as to any claim for damages against Regis based on physical injury caused by the Madvin's alleged assault on Plaintiff on March 28, 1999. Evidence regarding the assault, and how Defendant reacted to the assault, may be admissible to prove Plaintiff's claim of hostile work environment. *See Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 21 (1993) (hostile work environment is created when "the workplace is permeated with 'discriminatory intimidation, ridicule, and insult,' that is 'sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment.' ") Nothing herein limits Plaintiff's ability to offer evidence that the assault occurred or evidence of Defendant's reaction to the assault. Defendant may challenge the admissibility of this evidence through a motion in limine.

**WHEREFORE,**

**IT IS HEREBY ORDERED** that Defendants Regis Corporation's Motion for Summary Judgment on the Issue of Whether Plaintiff May Recover Damages Arising From Her Wrist Injury (Doc. 201), filed January 31, 2001, is **GRANTED without prejudice to Plaintiff's ability to offer evidence at trial and Defendant's ability to object to such evidence**.

_____
**LESLIE C. SMITH
UNITED STATES MAGISTRATE JUDGE**