IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**CHRISTINA JACKS,**

      **Plaintiff,**

vs.                                          No. CIV 99-1391 LCS

**REGIS CORPORATION, d/b/a**
**REGIS HAIR STYLISTS,**
**JACK BORREGO and**
**STEVEN ARCHULETA,**

      **Defendants.**

## MEMORANDUM OPINION AND ORDER

      **THIS MATTER** is before the Court on Defendant's Motion to Strike the August 31, 2000 Supplement to Plaintiff's Expert Witness Disclosure, (Doc. 181), filed October 4, 2001. The Court, acting upon consent and designation pursuant 28 U.S.C. § 636, having considered the submissions of counsel, applicable law, and being otherwise fully advised, finds that this Motion is not well-taken and should be **DENIED.**

      Defendant argues that Dr. George Swajian's supplemental report should be stricken and he should be barred at trial from testifying as to the opinions in his supplemental report. Plaintiff responds that Dr. Swajian is exempt from the disclosure provisions of FED. R. CIV. P. 26(a)(2)(B) because he is a treating physician, rather than an expert witness. Defendant replies that Dr. Swajian is not a treating physician, Plaintiff identified Dr. Swajian as an expert witness, and Dr. Swajian was retained by Plaintiff's attorney.

      The Advisory Committee Notes to the 1993 Amendments to Rule 26 and our local rule D. N. M. LR-Civ 26.3(b) exempt treating physicians from the expert report disclosure requirements of

FED. R. CIV. P. 26(a)(2)(B). The Advisory Committee contemplates two classes of expert witnesses:

> The requirement of a written report in paragraph (2)(B), however, applies only to those experts who are retained or specially employed to provide such testimony in the case or whose duties as an employee of a party regularly involve the giving of such testimony. A treating physician, for example, can be deposed or called to testify at trial without any requirement for a written report.

FED. R. CIV. P. 26, Advisory Committee Notes.

Rule 26(a)(2)(B) does not require an expert report from treating physicians or other fact witnesses, even though these experts may offer opinion testimony under FED. R. EVID. 702, 703 and 705. *See Sprague v. Liberty Mut. Ins. Co.*, 177 F. R. D. 78, 81 (D. N. H. 1998); *Piper v. Harnischfeger* Corp., 170 F. R. D. 173, 173-74 (D. Nev. 1997); *Wreath v. United States*, 161 F. R. D. 448, 450 (D. Kan. 1995). However, treating physicians and other unretained experts must limit the scope of their opinion testimony to those conclusions drawn from their own examination and treatment of the patient. *See Brown v. Best Foods, a Div. of CPC Intern., Inc.*, 169 F. R. D. 385, 388-89 (N. D. Ala. 1996). Opinion testimony not drawn from personal treatment of the patient is subject to Rule 26(a)(2)(B) disclosure requirements. *See Salas v. United States*, 165 F. R. D. 31, 32-33 (W. D. N. Y. 1995); *Wreath*, 161 F. R. D. at 450. Treating physicians may offer opinion testimony as to diagnosis, prognosis, causation, and the like if those opinions are based on examination or treatment of the patient. *Re v. New Vistas*, No. CIV 96-0546 JC/DJS, slip op. at 6-7 (D. N.M. Sept. 18, 1998).

In this case, Plaintiff alleges that she suffered an injury to her left wrist after a co-worker grabbed her at work. Plaintiff was treated by physicians at the Santa Fe Indian Hospital who indicated that surgery might be necessary. Subsequently, Plaintiff presented to Dr. Swajian, a hand surgeon, for consultation. After examining Plaintiff, Dr. Swajian diagnosed Plaintiff's problem and

recommended treatment.  Clearly, Dr. Swajian is a treating physician, and as such is not subject to the requirements of Rule 26(a)(2)(B).

Plaintiff identified Dr. Swajian as an expert on July 14, 2000, the deadline for Plaintiff to disclose expert witnesses and provided Defendant with Dr. Swajian's initial opinion letter on July 14, 2000.  On August 31, 2000, Plaintiff provided Dr. Swajian's supplemental opinion letter on August 31, 2000 pursuant to FED. R. CIV. P. 26 (e).  Both letters address diagnosis, prognosis and treatment based on Dr. Swajian's examination of Plaintiff.  Consequently, Plaintiff has satisfied all the requirements for disclosing Dr. Swajian's opinions as a treating physician.  Dr. Swajian may testify as to diagnosis, prognosis, and causation if his opinions are based on examination or treatment of Plaintiff.  *See Re v. New Vistas*, slip op. at 6-7.  If Dr. Swajian's testimony exceeds the parameters of the testimony of a treating physician, Defendant may object based on Rule 26(a)(2)(B) at the time of the testimony.  Defendant's Motion to Strike should be **DENIED**.

**WHEREFORE,**

**IT IS ORDERED** that Defendant's Motion to Strike the August 31, 2000 Supplement to Plaintiff's Expert Witness Disclosure, (Doc. 181), filed October 4, 2001, is **DENIED**.

_____
**LESLIE C. SMITH
UNITED STATES MAGISTRATE JUDGE**